United States District Court
Southern District of Texas
**ENTERED**
May 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PALMA, §<br>　　　*Plaintiff*, §<br>§<br>v. §<br>§<br>GENESIS COMMUNITY MANAGEMENT, INC., §<br>*Defendant*. § | CIVIL ACTION NO. 4:18-CV-0124 |

## **MEMORANDUM AND RECOMMENDATION**

This matter is before the court on Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Dkt. 6). In response, Plaintiff filed what he styled a "More Definite Statement, Judicial Notice and Bill" (Dkt. 10). The court recommends that the Motion to Dismiss be granted.

### I.     **Background**

Plaintiff instituted this suit by filing a form Complaint for Violation of Civil Rights. Dkt. 1. The Complaint alleges that this suit is against state or local officials. *Id.* at 3. However, Plaintiff has named only one defendant in this case, Genesis Community Management, Inc. ("Genesis"). Plaintiff alleges that Genesis has violated his civil rights by sending him documents in an attempt to collect a debt he allegedly owes to his neighborhood association, Candlelight Oaks Village Maintenance Fund. *See* Dkt. 10. He brought this suit asserting jurisdiction and a cause of action pursuant to 42 U.S.C. § 1983. Dkt. 1.

Defendant moves to dismiss Plaintiff's Section 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff has not alleged a deprivation of any constitutional right, and that Defendant is not a state actor. Alternatively, and in the event the court declines to

dismiss the case in its entirety, Defendant seeks pursuant to Federal Rule of Civil Procedure 12(e) a more definite statement of the facts underlying each cause of action Plaintiff is asserting.

## II. Analysis

### 1. Rule 12(b)(6) Standards

In reviewing a pleading under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678; *Gonzalez v. Kay,* 577 F.3d 600, 603 (2009). The motion to dismiss pursuant to Rule 12(b)(6) must be decided on Plaintiff's pleading alone.[1] FED. R. CIV. P. 12(d); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) ("We may not look beyond the pleadings" on a 12(b)(6) motion). "In deciding whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf, particularly where the

---

[1] Generally, a motion to dismiss must be decided based only on the allegations in the plaintiff's complaint. It is sometimes appropriate to consider exhibits the defendant attaches to a motion to dismiss, but only if they are referred to in the complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Plaintiff has incorporated Defendant's exhibits into his more definite statement, and therefore, along with Plaintiff's Exhibits A-D, they are properly before the court. Nonetheless, it is not necessary for the court to consider documents outside of the pleadings to rule on the legal issues before it.

plaintiff is pro se." *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, Civil Action No. H-05-3197, 2005 WL 2669480, at *3 (S.D. Tex. Oct. 19, 2005).

### 2. 42 U.S.C. § 1983 Standards

"Section 1983 does not create or establish a right in and of itself. Section 1983 provides a private right of action against parties acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to redress the deprivation of rights secured by the United States Constitution of federal law." *Hutton v. Shamrock Ridge Homeowners Ass'n*, No. 3:09-CV-1413-O, 2009 WL 4796626, at *2 (N.D. Tex. Dec. 14, 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 117 (1988)). In order to state a claim under Section 1983, a Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

A plaintiff may satisfy the "under color of state law" requirement of Section 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203–04 (5th Cir. 1996). Conduct is fairly attributable to the state when (1) the deprivation of constitutional rights is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, *and* (2) the party charged with the deprivation may be fairly described as a state actor. *Id.* (emphasis added). If the party sued is not a state actor, the claim "manifestly fails." *Hutton*, 2009 WL 4796626, at *2. "Throughout the history of Section 1983, courts have been strongly admonished to make a threshold inquiry whether the plaintiff complains of state action or 'private conduct, . . . against which the Fourteenth Amendment offers no shield.'" *Id.* (internal citations omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach

3

merely private conduct, no matter how discriminatory or wrongful." *Hutton*, 2009 WL 4796626, at *2.

A party qualifies as a state actor if he is a state official, he has acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A private party does not become a state actor simply by taking an action provided for by state statute. *Id.* at 939. In order for a private party to be a state actor, there must be a close nexus between the private party's challenged action and the state, such as when the private party willfully participates with the state in a joint activity. *See id.* at 941 (state and private entity jointly executed writ of attachment of property); *see also Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself").

### 3. Genesis is not a state actor and has not deprived Plaintiff of civil rights

#### 3.A. Genesis is not a state actor

Genesis is a Texas domestic for-profit corporation incorporated on November 30, 2000.[2] Plaintiff's only basis for asserting that Genesis acted under color of state law is:

> As stated herein the defendant acted under color of (state) law in violation of federal civil rights and those same rights protected under the state constitution. Defendant is attempting, with co-conspirators, to control the property, its owners or beneficiary, either directly or indirectly.

Dkt. 1 at 4. As the factual basis for this claim, Plaintiff asserts in his Complaint:

> Defendant sent the owner of the property a Sovereign, non-commercial Trust without Texas State or Harris County, information requesting information about the owner, emergency contact information and other items. . . . Defendant did

---

[2] The court takes judicial notice of public records available from the Texas Secretary of State, filing number 016070860.

4

> send the property two other documents: first asking for money and a second concerning a collection policy. Defendant still has not provide[d] any jurisdictional documentation allowing them to send documents requesting or demanding any information or amounts.

*Id.* at 5. In his More Definite Statement, Plaintiff specifies:

> 1) Defendant mailed five items to the 6205 Trust of which plaintiff is the beneficiary.
>    a. Item 1: Doc. 6-4 [November 27, 2017 introductory letter]
>    b. Item 2: Doc. 6-5 [Candlelight Oaks Assessment Collection Procedure]
>    c. Item 3: A bill for an amount due (Exhibit A)
>    d. Item 4: A second Bill (delinquent assessment notice) (Exhibit B)
>    e. Item 5: The Candlelight Oaks Village Maintenance Fund, Inc. Assessment Collection Policy (hereinafter the "HOA")

Dkt. 10 at 1. Plaintiff contends the above actions violate his rights under the Fifth and Fourteenth Amendments. *Id.* at 2; *see* Dkt. 1 at 4 ("The right to hold and live in property in peace without interference is tantamount in four realms of law: Biblical, Constitutional, statutory and case. The underlying cause is civil rights and by nature of this claim, property rights, but has the capacity to dovetail into contractual, conspiratorial, religious freedom, and peonage violations should relief not be granted."). Plaintiff also alleges that Genesis is acting pursuant to a contract with the HOA; that Plaintiff has no contract with Genesis; that Genesis is attempting to collect a "mandatory" debt he allegedly owes to the HOA; and that the HOA and Genesis do not have "jurisdiction" to collect the mandatory debt. *See* Dkt. 10 at 4-7.

Plaintiff's suit against Genesis "manifestly fails" unless Genesis is a state actor. *Hutton*, 2009 WL 4796626, at *2. Plaintiff has alleged no facts demonstrating that Genesis is a state official, has acted together with Texas officials, has obtained significant aid from Texas officials, or that the conduct of Genesis is otherwise chargeable to the state of Texas. *See Lugar*, 457 U.S. at 937. Furthermore, Plaintiff has not alleged a "close nexus" between Genesis's mailing documents to the Trust in an attempt to collect HOA dues and the state, nor has he alleged that

5

Genesis and the state willfully participated in a joint activity. Plaintiff alleges that Genesis is a Texas state corporation, but this is not an allegation that Genesis is a "state actor" for purposes of Section 1983. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."). Plaintiff has not alleged any basis by which Genesis could be construed to be a state actor.

Even if Genesis has contracted with a homeowner's association to collect dues and to perform other actions on behalf of the homeowner's association, it still is not a state actor. *See Hutton*, 2009 WL 4796626, at *6 (HOA with right to foreclose on home for non-payment of HOA dues was not a state actor). Courts within the Fifth Circuit have held that homeowner's associations are not state actors, unless the State of Texas is pervasively entwined in the management and operations of the homeowner's association. *Id.* at 5-6; *see Reule*, 2005 WL 2669480, at *5; *Alexander v. McAdams*, No. 3:16-CV-00190-MPM-RP, 2017 WL 5642328, at *3 (N.D. Miss. Apr. 18, 2017) ("Despite how liberally this Court may construe his pleadings, Alexander cannot prevail on a Section 1983 claim against a homeowners' association and its president, and these claims must be dismissed."). Simply put, Plaintiff has failed to allege facts that demonstrate the State of Texas was "pervasively entwined" in the management or operation of the HOA or of Genesis or that Genesis and the State of Texas had any interaction or connection that would transform Genesis from a private corporation to a state actor.

### 3.B. Genesis has not deprived Plaintiff of civil rights

In addition to the fact that Genesis is not a state actor, Plaintiff's claim should be dismissed because the Complaint does not describe a violation of the Constitution or other

federal law by Genesis. The only conduct engaged in by Genesis, according to Plaintiff's Complaint, is the mailing of documents to the trust of which Plaintiff is beneficiary.

Plaintiff's More Definite Statement, Dkt. 10, cites various statutes and constitutional provisions, including provisions of the Wisconsin constitution, but it adds no factual allegations to support the conclusory allegation that Genesis has deprived him of any right secured by the Constitution or laws of the United States. Because Plaintiff has not stated a plausible claim for relief under 42 U.S.C. § 1983 against this Defendant, the motion to dismiss should be granted.

### 4. More Definite Statement or Leave to Amend

When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Leave to amend is futile when an amended complaint could not survive a further Rule Civ. P. 12(b)(6) motion. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). Plaintiff has already unsuccessfully attempted to cure the defects in his pleading by filing a more definite statement. Dkt. 10. Because Defendant is a private party engaged in private activity, any further attempt to cure defects in Plaintiff's Complaint would be futile. *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile') (internal citations omitted); *Alexander*, 2017 WL 5642328, at *4 ("Ultimately, while the Court should liberally construe a *pro se* party's complaint, it 'does not excuse the failure to make any argument; nor does the requirement for liberally

7

construing a petition give the court license to raise issues that the *pro se* litigant has omitted')."

### III. Conclusion and Recommendation

For the reasons discussed above, the court recommends that Defendant's Motion to Dismiss (Dkt. 6) be granted and this case be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 8608.

Signed at Houston, Texas, on May 2, 2018.

Christina A. Bryan
United States Magistrate Judge